FILED
01 SEP 24 AM 10:06
U.S. DISTRICT COURT
N.D. OF ALABAMA

ENTERED
SEP 24

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

JENNIFER BREWER,          )
                          )
     Plaintiff,           )
                          )
v.                        )   CIVIL ACTION NO.
                          )
                          )   00-AR-2478-S
BELL SOUTH TELECOMMUNICATIONS, )
INC.,                     )
                          )
     Defendant.           )

## MEMORANDUM OPINION

Before this court is a motion for summary judgment filed by defendant, Bell South Telecommunications, Inc. ("BellSouth"). Plaintiff, Jennifer Brewer ("Brewer"), brought the action to contest BellSouth's denial of her claim for short term disability ("STD") benefits following her absence from work after she experienced difficulties following the birth of a child. The parties not only disagree over whether this court should grant BellSouth's Rule 56 motion but also over what standard this court should use in making its determination. This court admittedly has jurisdiction under ERISA.

### The Undisputed Pertinent Facts

The following facts are undisputed. Complications from the birth of Brewer's son in September 1991 caused Brewer to miss work and ultimately resulted in the replacement of one of her hips. Brewer was absent from work and collected STD benefits

1

from late December 1994 through March 15, 1995 and from July 5, 1995 through the end of that month. Brewer was directed by BellSouth to return to work on August 8, 1995 for half days, under an arrangement where she would receive wages for the half day worked and STD benefits for the other half. Brewer initially complied, but again left work by the end of the week, never to return. BellSouth paid the half-day STD benefits to Brewer until August 29, 1995.

Brewer then requested, and BellSouth denied, STD benefits. BellSouth funds and administers the plan. The benefits are paid out of general operating funds. The plan is structured so that the initial determination of eligibility is made by a case manager. An employee whose application for benefits is denied may appeal the denial to the director of health and benefits. Finally, an employee whose appeal was denied by the health and benefits director may appeal to the Employee's Benefit Claim Review Committee ("EBCRC"). Brewer exhausted both of theses avenues of appeal before bringing this action.

This court must first determine the standard by which BellSouth's complained of actions should be judged. Ordinarily, a district court will overturn a discretionary decision to deny benefits under an employee benefit plan only if such a decision is arbitrary and capricious. *Firestone Tire and Rubber Co. v.*

2

*Bruch*, 489 U.S. 101 (1989). Even if it believes the denial to be wrong, a district court should uphold the denial if it believes the denial had a rational basis. If, however, the plan vests discretion in a decision maker whose interests are conflicted, the Eleventh Circuit directs the court to modify the standard of review. *Brown v. Blue Cross and Blue Shield of Alabama Inc.*, 898 F.2d 1556 (1990). Specifically, a court reviewing an interested fiduciary's denial of benefits will uphold a wrong but reasonable denial only if it advances the interests of the class of beneficiaries. *Id.* Here, it is undisputed that the decision maker has an interest adverse to the beneficiary. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986). Chief Judge Clemon of this court has found that this BellSouth STD plan administrator is conflicted. *Godfrey v. Bellsouth Tellecommunications, Inc.*, 89 F.3d 755 (1996). Though the name of the plan has changed, the conflicting structure has not. This court will therefore use the modified standard.

According to the Eleventh Circuit's decision tree, at trial, a district court must first determine whether the complained of denial is wrong. If the denial is correct, the plaintiff will lose. "It is fundamental that the fiduciary's interpretation first must be wrong from the perspective of de novo review before a reviewing court is concerned with the self-interest of the fiduciary." *Brown v. Blue Cross and Blue Shield of Alabama,*

3

*Inc.*, 898 F. 2d 1556, 1567 n. 12 (*internal punctuation and citations omitted*).

On this evidence a reasonable finder of fact could conclude that Brewer was disabled. The modified standard for a conflicted decision maker requires BellSouth to "prove that its interpretation of plan provisions committed to its discretion was not tainted by self-interest." *Brown* at 1566.

BellSouth could satisfy its burden by proving that the denial produced a "benefit to the class of all participants and beneficiaries." *Id*. at 1567. If, for example, the plan was funded by a trust, the denial of a claim would increase the size of the trust, and its ability to pay other, perhaps more meritorious claims. *See id*. at 1567-68. Because BellSouth funds the plan out of general operating funds, though, the denial of the claim benefitted only BellSouth, and not the class of beneficiaries. *See Id*. at 1568. Therefore, BellSouth cannot maintain this defense. To be sure, just because BellSouth funds the program itself does not prevent it from meeting its burden of proving the absence of taint. For example, BellSouth could shoulder its burden by proving that its interpretation "is calculated to maximize the benefits available to plan participants and beneficiaries at a cost that the plan sponsor can (or will pay)." *Id*. (*punctuation in original*). BellSouth, though, has never tried this, or any other argument, to remove

4

the taint. Instead, BellSouth merely argues that the denial of benefits was reasonable. Because BellSouth has not even tried to erase the specter of taint from its denial, it cannot credibly maintain that it has met its burden to disprove that the denial of STD benefits to Brewer was arbitrary and capricious.

The court, by separate order, will deny BellSouth's motion.

DONE this __24__ day of September, 2001.

_____
WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE