```
              IN THE UNITED STATES DISTRICT COURT
              FOR THE NORTHERN DISTRICT OF ALABAMA
                        SOUTHERN DIVISION

JENNIFER BREWER,                }
                                }
     Plaintiff,                 }
                                }       CIVIL ACTION NO.
v.                              }
                                }       00-AR-2478-S
BELLSOUTH TELECOMMUNICATIONS,   }
INC.,                           }
                                }
     Defendant.                 }
```

## MEMORANDUM OPINION

After both sides in the above-entitled case had completed their evidentiary offerings, the case was submitted to an advisory jury on December 19, 2001. The jury gave its advice in the form of answers to special interrogatories. While the court does not completely understand the jury's answers, the court finds no reason to quarrel substantially with the jury. Yet, the court necessarily makes its own findings of fact on the same evidence that the jury heard. And the court, of course, reaches its own conclusions of law.

The case involves claims by plaintiff, Jennifer Brewer ("Brewer"), for Short Term Disability Benefits ("STD") and Long Term Disability Benefits ("LTD") against her former employer, defendant, BellSouth Telecommunications, Inc. ("BellSouth"), pursuant to an STD plan and an LTD plan, both governed by ERISA. Because BellSouth is the fiduciary-administrator and the insurer under both plans, its decisions to deny benefits are reviewed



without according them any deference or presumption of correctness. The fact that at some point in the claims process, too late to make a difference, Kemper Insurance became the plan administrator is an interesting but irrelevant fact.

In effect, this court is dealing with relatively simple breach of contract claims, involving interpretations of contract language and an application of the contract terms to plaintiff's medical condition upon which she bases her claim of disability. The word "disability" is defined slightly differently in the two plans, but the court finds no reason to make any meaningful distinction between "disability" under the STD plan and "disability" under the LTD plan. If Brewer was not disabled under the STD plan, she was not disabled under the LTD Plan; and if she was disabled during the entire period of her short term disability, she is still disabled for long term disability entitlement.

This case is so similar to *Willis v. Baxter International, Inc.*, 175 F.Supp. 2d, 819 (W.D.N.C. 2001), that very recent North Carolina case can serve as an instructional guide. In *Willis*, the trial judge, as in the instant case, was reviewing *de novo* a denial of disability benefits.

**FINDINGS OF FACT**

The relevant points of factual similarity between this case and *Willis* are these:

2

1. There is an inherent conflict-of-interest by the plan administrator that mandates *de novo* consideration by the court.
2. The treating physician's opinion is the best evidence for determining when and if the ERISA plan participant, who has **subjective** complaints of pain, crosses the threshold of manageable pain and is therefore "disabled" within the contemplation of the plan. Brewer in the instant case, passed that threshold, as did the plaintiff in *Willis*.
3. The decision makers improperly required so-called "objective" proof to support "subjective" complaints of pain. There is nothing in the instant plan language that precludes claiming disability as a result of pain unless that pain can be "objectively" proven.
4. A finding of total disability by the Social Security Administration, while not dispositive, is relevant. In this case, as in *Willis*, that finding is consistent with the opinion of treating physicians.

Here BellSouth's in-house and/or "independent" evaluators, operating under BellSouth's *modus operandi* that insists upon on an "objective standard" not found in the language of its plans, and under which they looked at written reports from treating doctors rather than themselves conducting physical examinations of Brewer, reached the conclusion that Brewer was not "disabled". This court

reaches the opposite conclusion upon reviewing the same medical evidence, and after hearing from and observing Brewer herself.

Most people prefer to be thought of as "objective", but there is always a subjective component to any evaluation of pain, especially pain of the sort Brewer complains of. No sane person would take the pain medications that Brewer has taken, and still takes, just to avoid having to perform some task that, by attempting to perform it, could give her purposeful employment and earned income. BellSouth cannot amend its plans to alter the definitions of "disability". This is, in effect, what it has done. "Disability" must be given its usual and customary meaning and not some esoteric, new meaning.

As above said, Brewer was at all relevant times, and is now, disabled. Because of her pain she is unable to perform any meaningful task. This is the ultimate fact which plaintiff has proven by the great weight of the evidence.

The rest of the case is arithmetic, which Brewer's post-trial brief lays out in a reasonable way and which is therefore adopted by the court as its findings of fact respecting damages. Adopting the damages calculations presented by plaintiff, the court finds that plaintiff's damages occasioned by defendant's breaches of contract, and interest on the obligations created thereby, are as follows:

```
            Short term disability    $15,467.14
            Interest                   3,130.32
```

4

```
          Long term disability    20,609.85
          Interest                 3,036.73
          Health insurance costs  13,042.86

          TOTAL                  $55,286.90
```

While finding that the claim of Brewer's counsel in the amount of $19,850.49 in attorneys fees under a lodestar analysis is reasonable, there is nothing to indicate the sort of bad faith on the part of defendant that would call for fee shifting. Therefore, the court will exercise the discretion given it by 29 U.S.C. §1332(g)(1) to deny plaintiff's motion for attorneys fees. In other words, although defendant was clearly wrong in its denial decisions, it was not maliciously wrong. Next time it gets tangled up with excess "objectivity", it may be.

## CONCLUSION OF LAW

Based on the foregoing findings of fact, the court reaches the following conclusion of law:

1. The court has jurisdiction pursuant to 28 U.S.C. §1331.
2. The oral instructions given to the jury are hereby adopted as part of its conclusions of law. In addition, the court adopts the propositions of law stated in *Willis*, supra.
3. Defendant now owes plaintiff the aggregate sum of $55,286.90.
4. The court agrees with the Second Circuit in *Dunnigan v.*

*Metropolitan Life Ins. Co.*, 2002 U.S. App. LEXIS 337 (2nd Cir. 2002) that ERISA obligations bear interest from when they are due, although there is no reference in ERISA to interest as one of its equitable remedies, and despite the insurer's claim that interest on past due benefits constitutes noncontractual compensatory damages that cannot be awarded under ERISA's §502(a)(3)(B), especially without a finding of bad faith by the payor.

5. Defendant was not guilty of bad faith when it failed to pay plaintiff the disability benefits to which she was and is entitled.

6. Plaintiff is entitled to future benefits under defendant's long term disability plan of $312.99 per month until she reaches the age of 65, so long as she remains totally disabled and so long as her Social Security disability benefits are unaltered.

A separate judgment in accordance with these findings of fact and conclusion of law will be entered.

DONE this 29th day of January, 2002.

/s/ William M. Acker, Jr.
WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE